ROY JONES v. STATE.

No. A-7327. Opinion Filed Oct. 18, 1930.
(292 Pac. 570.)

J. Earl Smith, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of the crime of robbery with firearms, and sentenced by the court to life imprisonment in the state penitentiary.

The defendant argues, first, that the evidence of the state is insufficient to support the verdict of the jury. When the defendant was first arrested, the witnesses were in doubt as to whether he was one of the parties who had committed the robbery, but in the trial of the case they identified him as one of the robbers.   The defense was an alibi.   The jury saw the witnesses and heard them testify; it was their duty to weigh the evidence and determine the truthfulness or falsity of the charge.   The jury having found the issues for the state and there being sufficient evidence in the record to support their verdict, the trial judge did not err in overruling defendant's demurrer to the evidence.

The defendant next contends that there was prejudicial error committed by the trial judge, in that, while the defendant was on trial before the jury in the courtroom, another defendant charged with a similar offense was brought into court for judgment and sentence, and that the trial court, after lecturing such defendant on the enormity of his crime and announcing that it intended to break up that kind of crime, sentenced such defendant to life imprisonment.   In the case at bar, while the jury

found the defendant guilty, they did not fix the punishment. The defendant argues that the prejudicial remarks and conduct of the court in sentencing the other prisoner influenced the jury in returning a verdict of guilty against him, and that, except for such prejudicial remarks, the jury probably would not have found him guilty. This contention cannot be true, for the reason that there is sufficient competent evidence in the record to require an honest jury to return a verdict of guilty. The better practice would be to exclude the jury from the courtroom while sentencing other prisoners, and to refrain from any discussion of crime in the presence of the jury which might have a tendency to prejudice defendants who might then be on trial for similar offenses.

The defendant next contends that the punishment is excessive. The Attorney General in his brief says:

"The defendant herein had previously served time at Granite when but a boy and at the time of the trial herein was only about 21 years of age and, under the holdings of this court, since no injury of a physical nature accompanied the acts of robbery and since said jury failed to agree on the punishment but left the same to the court and thereupon the court sentenced the defendant to life, it is apparent to the writer of this brief that said punishment is excessive and unusual in cases of this kind.

"This court has on numerous occasions reduced sentences when same appeared to be unusual in their severity and especially out of proportion to sentences imposed upon those found guilty under like conditions, and it is the opinion of the writer that said sentence should be reduced to 15 years in the state penitentiary at McAlester, for the reasons heretofore assigned."

While the recommendations of the Attorney General are not conclusive upon this court, yet they are persuasive. When the age of the defendant and all of the facts and

418

circumstances in the case are considered, we are of the opinion that the punishment is excessive and should be reduced to 15 years' imprisonment in the state penitentiary.

For the reasons stated, the cause is modified, and the punishment reduced to 15 years in the state penitentiary at McAlester, and, as modified, the same is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.