## FRANK MILAM v. STATE.

No. A-8006.   Opinion Filed May 2, 1931.
(298 Pac. 898.)

C. A. Summers, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county of the crime of forgery in the second degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for four years.

Defendant makes no contention that the evidence of the state is insufficient to support the verdict of the jury, but contends that the case must be reversed because of an improper statement made by the trial court to another jury in the presence of the jury trying the case at bar.

It appears from the record that during the progress of the trial of the case at bar the jury came in in the case of State of Oklahoma v. Alfonso Harris and returned a verdict finding the defendant Harris not guilty, and thereupon the trial court made the following statement:

"After he was sent to the state reformatory on that plea of guilty (talking about the defendant Alfonso Harris) his father came to me, and some of the railroad officials, and brought a little pressure to bear, you might say, upon Mr. Oldham and myself, and we recommended his parole and he got out, but I will say now that if the jurors don't use common sense in weighing the evidence, and weigh it in the light of common sense and reason, we had just as well adjourn this court and go home.   As I said before, every man is the keeper of his own conscience and I am not criticizing you, but we had just as well do that if you are not going to use common sense and reason in arriving at your verdicts.   You may go now."

Thereupon counsel for the defendant objected to these remarks of the trial court upon the ground that they

would prejudice the jury against him, and demanded that the court declare a mistrial and discharge the jury.

Defendant contends that this case should be reversed because of these remarks.

There is nothing in this statement which could have in any way injured the defendant. All the court said to the jury was that they should exercise common sense and reason in their deliberation in arriving at their verdict. The supposition is that jurors use both common sense and reason in considering the evidence and instructions of the court and arriving at their verdict.

In the case of Jones v. State, 48 Okla. Cr. 415, 292 Pac. 570, this court took occasion to caution trial judges to be careful about what they said in receiving verdicts or sentencing prisoners in the presence of trial juries considering cases. In the body of the opinion in that case, this court said: "The defendant argues that the prejudicial remarks and conduct of the court in sentencing the other prisoner influenced the jury in returning a verdict of guilty against him, and that, except for such prejudicial remarks, the jury probably would not have found him guilty. This contention cannot be true, for the reason that there is sufficient competent evidence in the record to require an honest jury to return a verdict of guilty. The better practice would be to exclude the jury from the courtroom while sentencing other prisoners and to refrain from any discussion of crime in the presence of the jury which might have a tendency to prejudice defendants who might then be on trial for similar offenses."

There is nothing in the record in the case at bar to indicate that the crime of which Harris was acquitted was similar to the one in the case at bar, nor is there anything

in the record to indicate that the defendant was biased or prejudiced by the remarks of the trial judge.

The evidence of the state established the guilt of the defendant beyond a reasonable doubt. It was not error, therefore, for the trial court to refuse to grant a mistrial on account of those remarks.

The other errors complained of being without substantial merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.