**Roy Edwin JONES, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–13884.**

Court of Criminal Appeals of Oklahoma.

May 25, 1966.

Roy E. Jones, pro se.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for respondent.

BRETT, Judge.

Roy Edwin Jones, No. 45891, an inmate of the State Penitentiary, has filed his petition for a post-conviction appeal, from a life sentence rendered against him in June, 1944, in Tulsa County District Court, case No. 11439. Petitioner will be hereinafter referred to as defendant.

The Attorney General has furnished us with a photostatic copy of the appearance docket in case No. 11439, Tulsa County District Court, and this record shows that defendant was charged with robbery with firearms, second offense, as the result of a grand jury indictment, filed November 15, 1943.

The appearance docket also shows that defendant was present in court for arraignment with his attorney, Joe Simpson, on November 18, 1943. He entered a plea of not guilty, and his case was set for trial for December 6, 1943. On that date a motion for continuance was filed and granted by the court. The case was then reset for March 29, 1944. On that date the defendant was present with his counsel, who at that time asked permission to withdraw from the case as defendant's attorney. The request was granted, and the case was again stricken.

Defendant's explanation of counsel's withdrawal is that the attorney was "employed by state witness, denounced in open court and forced to withdraw". Evidently defendant is attempting to show the withdrawal was at defendant's request. Defendant then states that he refused to accept W. C. Peters, public defender, as his counsel, "because he was attorney for one party causing contrived conviction to be had"; and the court thereupon appointed Harry Dyer to defend him.

The case came on for trial on June 10, 1944, at which time the parents of defendant employed attorney Norman Barker to defend their son at his trial, and attorney Dyer was permitted to withdraw. The jury returned a verdict of guilty of the crime of robbery with firearms, second offense, as charged in the indictment, and fixed his punishment at imprisonment in the state penitentiary for a term of life. The jury added to the verdict, "unanimously vote that no parole or pardon be granted Roy E. Jones."

After the verdict was returned, Mr. Barker filed and presented a motion for new trial; filed a motion in arrest of judgment; gave notice in open court of intention to appeal; and filed an application for casemade at the expense of Tulsa County, supported by proper affidavit. Sentence day was set for June 13, 1944. On June 27, 1944 the court ordered a casemade prepared at the expense of the county, and attorney Barker was given permission to withdraw from the case. On August 25, 1944 the casemade was filed in the district court of Tulsa County, and withdrawn for filing in this Court, but there is nothing to show that the appeal was ever filed here.

■ Title 22 Okl.St.Ann. § 1073, passed by the Oklahoma Legislature in 1965 as Senate Bill 152, provides that the Court of Criminal Appeals may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the Court determines that any person confined in any penitentiary or penal institution within the state of Oklahoma has been denied any right guaranteed to him by the Constitution of the United States, or the Constitution of the State of Oklahoma relating to the right of appeal.

We have given careful consideration to the petition of this prisoner, and the facts and circumstances surrounding his incarceration, and find that none of his constitutional rights have been denied.

This petitioner is no stranger to the courts. A review of his past record reveals that in 1922 he was sentenced to the State Reformatory at Granite for a term of ten years on a charge of "conjoint robbery (highway robbery)".

On October 21, 1928 he was sentenced to the state penitentiary for life, on a conviction of robbery with firearms. That case was appealed to this Court, and on October 18, 1930 the sentence was modified to fifteen years. Jones v. State, 48 Okl.Cr. 415, 292 P. 570. Defendant was discharged February 18, 1936.

On May 26, 1937 defendant was again convicted of robbery with firearms, and sentenced to the state reformatory for seven years. He was discharged December 23, 1940.

The verdict in the present case was returned June 8, 1944, and judgment entered June 18, 1944. This defendant was convicted as a second and subsequent offender, and again sentenced to life imprisonment. On May 9, 1961, while serving his life sentence, defendant was granted a parole, which was revoked November 28, 1962. Defendant was listed as a fugitive on December 4, 1962, but was not returned to the penitentiary until October 22, 1963.

During this period of time, defendant was arrested and charged with assault with a dangerous weapon, in Tulsa County. His trial on that charge was had on October 18, 1963, when he was found guilty and sentenced to serve ten years in the state penitentiary. A hold order was placed against him at the penitentiary in connection with the life sentence imposed in the case now being considered.

On January 17, 1964 defendant filed in this Court a petition for mandamus to require Tulsa County to furnish him a casemade in the assault case. The records in that case show that defendant had employed an attorney to represent him, and had paid a professional bondsman the premium on his bail of $2500 set on his arraignment in the district court. Defendant failed to appear for trial, a bench warrant was issued and his bail forfeited. Subsequently he was apprehended, and his private counsel withdrew, and he was represented at his trial by a public defender. This Court refused to grant the writ of mandamus. Jones v. Simms, Dist. Judge, Okl.Cr., 389 P.2d 375.

■ Having determined that none of the constitutional or statutory rights of Roy Edwin Jones were violated or denied, the petition of defendant for post-conviction appeal is denied.

BUSSEY, P. J., and NIX, J., concur.